**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Lewis Love (Y-35372), | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 19 C 2762** |
| **v.** | ) | |
| | ) | **Judge John Z. Lee** |
| Thomas J. Dart, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $3.63 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Court directs the Clerk of Court to send a copy of this order to the trust fund officer of the facility having custody of Plaintiff. However, summonses shall not issue at this time. Plaintiff's complaint [1] is dismissed without prejudice. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that asserts valid claims and that explains each Defendant's involvement with those claims. Failure to submit an amended complaint by June 27, 2019, will result in dismissal of this lawsuit. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. Plaintiff's motion for attorney representation [4] is denied without prejudice. The Clerk of Court is directed to send Plaintiff an amended complaint form, a blank USM-285 form, and instructions along with a copy of this order.

## STATEMENT

Plaintiff Lewis Love, who is currently a prisoner incarcerated at the Illinois River Correctional Center, brings this lawsuit pursuant to 42 U.S.C. § 1983, claiming inadequate medical care during his prior detention at Cook County Jail. Before the Court are Plaintiff's application for leave to proceed *in forma pauperis* ("IFP"), his complaint for initial review under 28 U.S.C. § 1915A, and his request for *pro bono* attorney assistance.

### I.  IFP Application

Plaintiff's application for leave to proceed IFP demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. §§ 1915(b)(1) and (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $3.63 to the Clerk of Court for payment of the initial partial filing fee. Payments must be collected until the $350 filing fee is paid in full. All payments shall be sent to the Clerk of Court, United States

District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

## II.     Initial Review of the Complaint

Turning to Plaintiff's complaint, where a *pro se* prisoner files a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the Court is required to conduct an initial review of the complaint to determine whether the claims are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915A; *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims under the same standard that is used to review Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.   *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).   A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).   Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."   *Id.*   Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true."   *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Here Plaintiff alleges the following, which appears to be a reiteration of a grievance he previously submitted.   On January 7, 2019, Plaintiff slipped and fell in a Cook County Jail bathroom, "hurting" his head, back and elbow.   Compl. at 4, ECF No. 1.   Plaintiff "continuously asked for medical attention and . . . was told that [he] was going to get pain pills."   *Id.*   He further states, "[i]t's now more than 12 hours after I have fell and have not yet . . . receive[d] any medical care."   *Id.*   Plaintiff asked multiple correctional officers and nurses for help, but he received only pain pills that he "already been getting."   *Id.*   Plaintiff has been in pain since "this morning."   *Id.* Officer Perry was the officer on duty, and he told Sgt. Spears "about it."   *Id.*   Plaintiff names Sheriff Thomas Dart as the sole Defendant.

To pursue a civil rights action in this Court, Plaintiff must allege facts indicating that the Defendant violated his constitutional rights.   *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).   A constitutional violation with respect to a pretrial detainee's medical needs is governed by the Fourteenth Amendment.   *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352–54 (7th Cir. 2018).   To state a Fourteenth Amendment claim, Plaintiff must allege facts indicating both:

2

(1) that he suffered a serious medical condition and (2) objective unreasonableness, in this context meaning that the "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (quoting *Miranda*, 900 F.3d at 353). "A showing of negligence or even gross negligence will not suffice." *Id.*

Plaintiff's complaint does not satisfy the notice-pleading requirements set forth above. The allegations of the complaint do not describe any denial of medical care with the requisite plausibility to demonstrate "objective unreasonableness," nor do the allegations tie any such denial to particular Jail personnel. A complaint need not state "detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678; *see generally Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not" satisfy the federal notice-pleading requirement); *Christensen v. Cty. of Boone, Ill.*, 483 F.3d 454, 459 (7th Cir. 2007) (explaining that a complaint must "connect the [alleged] violation to the named defendants"). Plaintiff must explain in greater detail what care he requested from whom, and what happened in response to his requests.

Furthermore, Plaintiff names Sheriff Dart as the sole Defendant, but does not mention him in the body of the complaint. He cannot establish federal liability against Dart in this manner. S*ee Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction given to *pro se* complaints"). Dart cannot be held liable under § 1983 merely because he oversees jail operations. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (explaining that there is no *respondeat superior* liability under § 1983). Plaintiff is advised that, generally, proper Defendants to a § 1983 action are those individuals who allegedly caused or participated in the constitutional deprivation; this is because § 1983 creates a cause of action based on personal liability and predicated on fault. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). Therefore, Plaintiff must identify the individual or individuals responsible for the complained-of event, list them in the caption of any amended complaint, and explain in the "Statement of Claim" what each individual did or failed to do to allegedly violate Plaintiff's rights.

For the above reasons, Plaintiff's complaint is dismissed without prejudice. If he wants to proceed with this suit, he must submit an amended complaint that states valid claims and states how each Defendant violated Plaintiff's constitutional rights. An amended complaint replaces prior complaints and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its review of the amended complaint must be included with it. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure to submit an amended complaint by the date set forth in the Order section above will result in dismissal of this suit for failure to state a claim.

3

### III.   Attorney Recruitment

"There is no right to court-appointed counsel in federal civil litigation," but "[d]istrict courts may nonetheless ask lawyers to represent indigent litigants on a volunteer basis."  *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).   Courts engage in a two-part inquiry to determine if recruitment of counsel is appropriate: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

Here, Plaintiff has made a reasonable attempt to obtain counsel, but no lawyers would take his case.   Still, the Court finds that, at this stage, Plaintiff is competent to continue on his own. He states that he has some high school education, and does not give any other reason that his capabilities would be unusually limited.   Furthermore, his claim as stated is straightforward, and within his own personal knowledge.   The Court has determined that it should be dismissed as lacking detail, not coherence.   Accordingly, the Court denies Plaintiff's motion for attorney assistance at this point.   Should the case progress further and if Plaintiff believes he needs legal assistance later, he may file another motion.

Date:   5/29/19                                /s/ John Z. Lee

4