**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Lewis Love (Y-35372),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 19 C 2762** |
| **v.** | ) | |
| | ) | **Judge John Z. Lee** |
| **Thomas J. Dart,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff's first amended complaint [6] is accepted. The Court directs the Clerk of Court to file Plaintiff's first amended complaint [6]. Summonses, however, shall not issue at this time. The Court on its own motion requests that Patricia L. Argentati, Mulherin, Rehfeldt & Varchetto, P.C., 211 South Wheaton Avenue Suite 200 Wheaton, 60187 IL , (630) 653-9300 , pargentati@mrvlaw.com represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Counsel is encouraged to visit the Court's Pro Bono web page at http://www.ilnd.uscourts.gov/Pages.aspx?page=ProBono (case sensitive) for various resources related to pro bono representation. Counsel is granted sixty days to advise the Court whether counsel will proceed on Plaintiff's complaint or file an amended complaint that comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. An initial status hearing is set for 8/21/19 at 9:00 a.m.

## STATEMENT

Plaintiff Lewis Love, who is currently a prisoner incarcerated at the Illinois River Correctional Center, brings this lawsuit pursuant to 42 U.S.C. § 1983, claiming inadequate medical care during his prior detention at Cook County Jail. Plaintiff's first amended complaint [6] is before the court for initial review under 28 U.S.C. § 1915A.

Where a *pro se* prisoner files a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the Court is required to conduct an initial review of the complaint to determine whether the claims are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims under the same standard that is used to review Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff's amended complaint alleges that on January 7, 2019, while detained at the Cook County Jail, he hit the back of his head "pretty hard" when he slipped and fell in a puddle of water in the bathroom. Am. Compl. Stmt. Facts ¶ 1, ECF No. 6. Plaintiff alleges that hitting his head on the floor caused him to become dizzy and also gave him an excruciating headache. *Id.* Plaintiff also injured his back and elbow when he fell. *Id.* Plaintiff immediately sought medical care, informing Officer Perry of his fall and injuries and asking Officer Perry to either call a medical professional to evaluate him or send him to the medical unit for treatment. *Id.* ¶ 2. Officer Perry's response was to tell Plaintiff to inform the nurse [named in the complaint as "Nurse 'John Doe'"] during med-pass later on. *Id.* In turn, Plaintiff told Officer Perry he had excruciating head pain, dizziness, back and elbow pain, and that he needed immediate medical care. *Id.* Plaintiff's pleas went ignored by Officer Perry. *Id.*

"Hours later," Nurse John Doe arrived for med-pass. *Id.* ¶ 3. Plaintiff informed Nurse John Doe about his fall, injuries, and excruciating pain and asked to be taken to medical for an evaluation and treatment. *Id.* The nurse told Plaintiff he was okay and ignored his request for medical attention. *Id.* So Plaintiff submitted a "pink slip" requesting a medical evaluation and treatment. *Id.* Later that day, Head Nurse Anderson walked past Plaintiff's cell and Plaintiff took the opportunity to inform Anderson about his fall and "the excruciating pains and injuries that [he] was suffering." *Id.* ¶ 4. Anderson told Plaintiff that she would try to have a doctor evaluate him. *Id.* The next day, Plaintiff's body and head were hurting even more. *Id.* ¶ 5. Plaintiff informed Officer Perry about it, and Perry spoke with Sergeant Spears, but Spears took no action. *Id.* ¶ 5.

From January 8 through 16, 2019, Plaintiff continued to submit pink slips requesting medical care for his continuing pain and untreated injuries. *Id.* ¶ 6. On January 17, Nurse Anderson came to Plaintiff's deck and informed him that he would have to wait 27 days to receive a CT scan and x-rays before she could administer or prescribe any treatment. *Id.* ¶ 7. On February 14, 2019, Plaintiff was called to medical for an evaluation. *Id.* ¶ 8. "[T]he evaluating medical personnel discovered a knot on [Plaintiff's] head [and] prescribed . . . Tylenol." *Id.* Plaintiff alleges that the injuries he suffered were not resolved by his treatment with Tylenol. *Id.* ¶ 9. Plaintiff concludes that his current continued medical issues are due partly to the examining doctor, Doctor "John Doe's" failure to prescribe further diagnostics tests or treatment to determine,

2

treat, or resolve his symptoms. *Id*. ¶ 10.

To pursue a civil rights action in this Court, Plaintiff must allege facts indicating that Defendants violated his constitutional rights. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A constitutional violation with respect to a pretrial detainee's medical needs is governed by the Fourteenth Amendment. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352–54 (7th Cir. 2018). To state a Fourteenth Amendment claim, Plaintiff must allege facts indicating both: (1) he suffered from a serious medical condition, and (2) "objective unreasonableness," in this context meaning that the "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (quoting *Miranda*, 900 F.3d at 353). "A showing of negligence or even gross negligence will not suffice." *Id*.

Given the liberal construction due *pro se* pleadings, the Court finds that Plaintiff's allegations that Perry, Spears, Nurse John Doe, and Nurse Anderson were all aware of his reports of being in excruciating pain yet failed to provide care within a reasonable time period sufficient to state a claim against all Defendants of deliberate indifference to his serious medical needs.

The case is somewhat different, however, with respect to Doctor John Doe. As best as the Court is able to discern, Doctor John Doe is the physician, who after examining Plaintiff on February 14, 2019, exercised his or her professional judgment to treat Plaintiff with Tylenol. There is nothing in Plaintiff's allegations to suggest that Plaintiff ever returned to see Doctor John Doe, advised him that he was still experiencing intolerable pain, or otherwise advised him that the Tylenol treatment he had prescribed was not effective in managing his pain. Typically, a prison inmate's dissatisfaction with physicians' treatment decisions are not actionable. *See Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Still, a physician who insists on a course of treatment known to be ineffective may be subject to liability under § 1983. *See Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). This factual issue is best left for a later stage of litigation.

But Plaintiff cannot proceed with claims against unknown personnel (Defendants Doctor John Doe and Nurse John Doe) until they are identified, named in a second amended complaint, and served. Defendants Doctor John Doe and Nurse John Doe are therefore dismissed without prejudice to identifying proper medical staff members by name in a second amended complaint. Although the Court would otherwise dismiss Sheriff Dart as a Defendant in this action due to Plaintiffs' failure (similar to his first complaint) to identify any acts or omissions committed by Dart, the Court retains Dart as a nominal Defendant to assist in identifying the Doe Defendants.

For the above stated reasons, Plaintiff's first amended complaint [6] is accepted. The Court directs the Clerk of Court to file Plaintiff's first amended complaint [6]. Summonses, however, shall not issue at this time. The Court on its own motion concludes that solicitation of counsel for Plaintiff is warranted due to the fact-intensive nature of his claims and the likely need for Plaintiff to take multiple depositions and obtain medical records in discovery. Accordingly, the Court requests that Patricia L. Argentati represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Counsel is granted sixty days to

3

advise the Court whether counsel will proceed on Plaintiff's complaint or file an amended complaint that comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.   An initial status hearing is set for 8/21/19 at 9:00 a.m.

Date:   7/11/19                                   /s/John Z. Lee

4