UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

LEWIS LOVE,                                        )
                                                   )
                    Plaintiff,                     )
                                                   )
vs.                                                )   No. 19 cv 2762
                                                   )
SHERIFF OF COOK COUNTY                             )   Judge John Z. Lee
THOMAS J. DART, in his official capacity,          )
UNKNOWN (John Doe) COOK COUNTY                     )   JURY TRIAL DEMANDED
DEPARTMENT OF CORRECTIONS                          )
OFFICERS/ and/or SUPERVISORS,                      )
UNKNOWN (John Doe) COOK COUNTY                     )
SHERIFF'S OFFICE DEPUTIES/ and/or                  )
SUPERVISORS, UNKNOWN (John Doe)                    )
CERMAK HEALTH SERVICES OF COOK                     )
COUNTY REPRESENTATIVES/AGENTS/                     )
and/or EMPLOYEES, UNKNOWN (John Doe)               )
COOK COUNTY FACILITIES                             )
MANAGEMENT SUPERVISORS/ and/or                     )
EMPLOYEES, UNKNOWN (John Doe)                      )
ILLINOIS RIVER CORRECTIONAL                        )
CENTER MEDICAL STAFF SUPERVISORS/                  )
and/or EMPLOYEES,                                  )
                                                   )
                    Defendants.                    )

## PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, LEWIS LOVE, by and through his attorneys, MULHERIN,

REHFELDT & VARCHETTO, P.C., and complaining of the Defendants, SHERIFF OF COOK

COUNTY THOMAS J. DART, UNKNOWN (John Doe) COOK COUNTY DEPARTMENT OF

CORRECTIONS OFFICERS/ and/or SUPERVISORS, UNKNOWN (John Doe) COOK COUNTY

SHERIFF'S OFFICE DEPUTIES/ and/or SUPERVISORS, UNKNOWN (John Doe) CERMAK

HEALTH SERVICES OF COOK COUNTY REPRESENTATIVES/AGENTS/ and/or

EMPLOYEES, UNKNOWN (John Doe) COOK COUNTY FACILITIES MANAGEMENT

SUPERVISORS/ and/or EMPLOYEES, UNKNOWN (John Doe) ILLINOIS RIVER

CORRECTIONAL CENTER MEDICAL STAFF/SUPERVISORS/ and/or EMPLOYEES, and each of them, alleges and states as follows:

## JURISDICTION AND VENUE

1. This action is brought, in part, pursuant to 42 U.S.C § 1983 for deprivation of LEWIS LOVE's constitutional civil rights, jurisdiction is, therefore, appropriate under 28 U.S.C. § 1331 & 1343. The state law claims are properly before this court via supplemental jurisdiction under 28 U.S.C. § 1367.

2. The claims asserted herein arose in the area encompassed by the United States District Court for the Northern District of Illinois, and venue is, therefore, proper under 28 U.S.C § 1391(b).

## PARTIES

3. Plaintiff, LEWIS LOVE, was at the initial times relevant to this Complaint, a pretrial detainee in sole custody of Cook County Jail. Plaintiff was subsequently an inmate in the custody of the Illinois Department of Corrections at Illinois River Correctional Center.

4. Defendant, SHERIFF OF COOK COUNTY THOMAS J. DART, was, at all times relevant to this Complaint, the chief officer of the Cook County Sheriff's Office, and, in that position, runs the Cook County Jail. Defendant, DART, is sued in his official capacity.

5. UNKNOWN (John Doe) COOK COUNTY DEPARTMENT OF CORRECTIONS OFFICERS/ and/or SUPERVISORS were correctional officers and supervisors in and over Division 8 of the Cook County Jail at all relevant times and contributed to the conditions leading to Plaintiff's injuries. They are all sued in their individual capacities as well as in their capacities as agents and employees of the Cook County Department of Corrections.

2

6. UNKNOWN (John Doe) COOK COUNTY SHERIFF'S OFFICE DEPUTIES/ and/or SUPERVISORS were correctional officers and supervisors in and over Division 8 of the Cook County Jail at all relevant times and contributed to the conditions leading to Plaintiff's injuries through their actions and/or omissions. They are all sued in their individual capacities as well as in their capacities as agents and employees of the Cook County Sheriff's Office.

7. UNKNOWN (John Doe) CERMAK HEALTH SERVICES OF COOK COUNTY REPRESENTATIVES/AGENTS/ and/or EMPLOYEES were employees of Cook County through Cermak Health Services of Cook County at all relevant times and contributed to the injuries suffered by Plaintiff through their actions and/or failure to treat Plaintiff. They are all sued in their individual capacities as well as their capacities as agents and employees of Cermak Health Services of Cook County.

8. UNKNOWN (John Doe) COOK COUNTY FACILITIES MANAGEMENT SUPERVISORS/ and/or EMPLOYEES were employees of Cook County through Cook County Facilities Management at all relative times and contributed to the conditions leading to Plaintiff's injuries through their actions and/or omissions. Thea are all sued in their individual capacities as well as their capacities as agents and employees of Cook County.

9. UNKNOWN (John Doe) ILLINOIS RIVER CORRECTIONAL CENTER MEDICAL STAFF/SUPERVISORS/ and/or EMPLOYEES were employees of the Illinois Department of Corrections through Illinois River Correctional Center at all relevant times and contributed to the injuries suffered by Plaintiff through their actions and/or failure to treat Plaintiff. They are all sued in their individual capacities as agents and employees of Illinois River Correctional Center.

3

## LITIGATION HISTORY

10.     Plaintiff has not filed any other lawsuits in State or Federal Court dealing with the same facts in this Complaint.

11.     Plaintiff has no prior history of lawsuits in State or Federal Court while he was incarcerated.

12.     Plaintiff filed his original Complaint in this matter on April 24, 2019, and subsequently filed his First Amended Complaint on July 11, 2019.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.     Plaintiff exhausted all administrative remedies available to him relating to the facts in this Complaint.

## FACTS

14.     On January 7, 2019, Plaintiff was being held as a pretrial detainee in a dormitory facility at the Cook County Jail, Division 8, Deck 3F.

15.     At approximately 8:50 A.M., on January 7, 2019, Plaintiff walked into the restroom within his dormitory facility to rinse out and fill his cup with water.

16.     At that time, Plaintiff slipped and fell in the restroom due to wet, greasy, and/or oily floor conditions.

17.     As a result of his fall, Plaintiff landed on his back, the back of Plaintiff's head struck the ground, and Plaintiff experienced trauma to his head, back, elbows, and forearms.

18.     Immediately after his fall, Plaintiff experienced dizziness and a painful headache.

19.     Immediately after leaving the restroom after his fall, Plaintiff notified the on-duty UNKNOWN (John Doe) COOK COUNTY DEPARTMENT OF CORRECTIONS OFFICER

4

and/or UNKNOWN (John Doe) COOK COUNTY SHERIFF'S DEPUTY/ and/or SUPERVISOR of his fall and injuries, and requested immediate medical treatment.

20. One or more of said UNKNOWN (John Doe) OFFICER(S) told Plaintiff to inform the on-duty Nurse, an UNKNOWN (John Doe) CERMAK HEALTH SERVICES OF COOK COUNTY REPRESENTATIVE/EMPLOYEE/ and/or AGENT during medication pass-out later that morning, and said individual refused to provide any further attention to Plaintiff's requests.

21. Hours thereafter during medication pass-out, Plaintiff informed said on-duty Nurse UNKNOWN (John Doe) CERMAK HEALTH SERVICES OF COOK COUNTY REPRESENTATIVE/EMPLOYEE/ and/or AGENT of his trauma and pain, and requested medical evaluation and treatment. Without examining Plaintiff, said Nurse stated, "You're okay," and further refused any further attention to Plaintiff.

22. Thereafter, Plaintiff submitted a "pink slip" requesting medical evaluation and treatment.

23. Later that day, Plaintiff approached Head Nurse UNKNOWN (John Doe) CERMAK HEALTH SERVICES OF COOK COUNTY REPRESENTATIVE/EMPLOYEE/ and/or AGENT, informed her of his fall, trauma, and pain, and requested medical treatment. Said Head Nurse told Plaintiff she would try to have a doctor evaluate him.

24. The following day, January 8, 2019, Plaintiff's pain caused by the fall was worsening. Plaintiff mad a request for medical treatment to the on-duty Officer and Sergeant, UNKNOWN (John Doe) COOK COUNTY DEPARTMENT OF CORRECTIONS OFFICERS/ and/or SUPERVISORS or UNKNOWN (John Doe) COOK COUNTY SHERIFF'S OFFICE DEPUTIES/ and/or SUPERVISORS. Said Officer and Sergeant denied Plaintiff's requests.

25. Between January 8, 2019, and January 16, 2019, Plaintiff submitted numerous "pink slip" medical treatment requests for the pain he was suffering, but continued to be denied medical attention.

26. On January 17, 2019, Head Nurse, UNKNOWN (John Doe) CERMAK HEALTH SERVICES OF COOK COUNTY REPRESENTATIVE/EMPLOYEE/ and/or AGENT, informed Plaintiff that he had to wait twenty-seven (27) days to receive a CT scan and x-rays before she could administer or prescribe any treatment. Plaintiff proceeded to wait those twenty-seven (27) days.

27. On or about February 14, 2019, Plaintiff was examined and evaluated by UNKNOWN (John Doe) CERMAK HEALTH SERVICES OF COOK COUNTY REPRESENTATIVES/EMPLOYEES/ and/or AGENTS for the injuries and pain Plaintiff complained of. As a result of this examination, Plaintiff was prescribed over-the-counter pain medication, Tylenol, for a "knot" discovered on his head.

28. After being prescribed Tylenol on February 14, 2019, Plaintiff continued to suffer pain that traced back to his January 7, 2019, slip and fall. Plaintiff has also since the fall suffered from migraine headaches, sensitivity to loud noises, intermittent back pain, numbness in his elbows and forearms, and diarrhea and lack of control of his bowels.

29. Plaintiff continued to seek medical treatment for his injuries while he was incarcerated at Illinois River Correctional Center, but UNKNOWN (John Doe) ILLINOIS RIVER CORRECTIONAL CENTER MEDICAL STAFF/SUPERVISORS/ and/or EMPLOYEES continued to ignore Plaintiff's complaints of serious pain.

30. Upon information and belief, the UNKNOWN (John Doe) COOK COUNTY DEPARTMENT OF CORRECTIONS OFFICERS/ and/or SUPERVISORS would select and pay inmates to clean the restroom in the dormitory facilities.

31.     Upon information and belief, no one had cleaned the restroom in Division 8, Deck 3F of the Cook County Jail in the days immediately prior to and on January 7, 2019.

## I.     42 U.S.C. § 1983

### COUNT I

**FAILURE TO PROVIDE HABITABLE CONDITIONS OF CONFINEMENT – Sheriff Thomas J. Dart, Unknown (John Doe) Cook County Department of Corrections Officers/ and/or Supervisors, Unknown (John Doe) Cook County Sheriff's Office Deputies/ and/or Supervisors, Unknown (John Doe) Cook County Facilities Management Supervisors/ and/or Employees.**

32.     Plaintiff restates and reincorporates Paragraphs 1–31 as Paragraph 32 of Count I of this Complaint.

33.     The condition of the dormitory restroom floor of Division 8, Deck 3F, of the Cook County Jail, before and on January 7, 2019, provided a serious risk to the health and safety of Plaintiff and all other individuals detained there.

34.     Defendants to Count I, while aware of the condition of said restroom floor, were deliberately indifferent to the serious risk to health and safety caused by the conditions of said restroom facilities, and did nothing to remedy the condition and/or provide warning to the detainees of said dormitory.

35.     The actions and/or inactions, of Defendants to Count I, described above, whereby said Defendants were aware of, but deliberately, willfully, and wantonly ignored the maintenance conditions of restroom facilities within the dormitory, including the obvious serious risk to the health and safety of Plaintiff, and failed to take appropriate steps to protect him, constituted deliberate indifference to Plaintiff's deprivation of the minimal civilized measure of life's necessities, thus violating the Fourteenth Amendment of the Constitution.

36.     Further, said Defendants' conduct not only allowed for the serious health and safety risk to exist, but also led to its creation.

7

37.     The Constitution violations detailed above were caused by the customs, policies, and practices of Defendants to Count I, or any of them, and the promulgation, enforcement, and dissemination of same.

38.     Defendants to Count I were then and there guilty of the following:

    a.     Fostering an atmosphere at the Cook County Department of Corrections where correctional employees are encouraged to disregard maintenance of the jail facilities required to allow for the minimal civilized measure of life's necessities;

    b.     Knowingly failing to ensure that detainees were not exposed to a serious health risk that could lead to injury, significant pain or discomfort;

    c.     Failing to train its employees to recognize and take proper action regarding the medical needs of pretrial detainees, including training employees and medical personnel to identify those detainees in need of emergent medical needs;

    d.     Understaffing the jail, thus making it more likely that detainees would be exposed to unsafe and inhumane conditions of confinement;

    e.     Failing to promulgate and implement proper procedures that would ensure detainees were not exposed to health and injury hazards;

    f.     Failing to have adequate maintenance inspection of the detainment facilities;

    g.     Failing to have adequately staffed maintenance personnel;

    h.     Employing, both directly and by contract, unqualified, poorly trained, unmotivated, and/or incompetent personnel to handle the maintenance of the detainment facilities;

    i.     Having insufficient detainee supervision;

    j.     Failing to properly communicate between departments of the Cook County government, including between the Cook County Department of Corrections, Cook County Sheriff's Office, and Cook County Facilities Management;

    k.     Otherwise acting willfully and wantonly in ignoring the maintenance requirements to provide LEWIS LOVE the basic necessities of life during his detainment.

39.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, Plaintiff was deprived of his rights, privileges, and immunities guaranteed to him by the

8

Eighth and Fourteenth Amendments to the United States Constitution, namely, he was caused to suffer great pain and mental anguish.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendants to Count I, and each of them, for compensatory damages, costs, attorney fees, and for all other legal and equitable remedies available under State and Federal Law.

**COUNT II**

**FAILURE TO PROVIDE MEDICAL ATTENTION / FAILURE TO PROTECT – Sheriff Thomas J. Dart, Unknown (John Doe) Cook County Department of Corrections Officers/ and/or Supervisors, Unknown (John Doe) Cook County Sheriff's Office Officers/ and/or Supervisors, Unknown (John Doe) Cermak Health Services of Cook County Agents/ and/or Employees, Unknown (John Doe) Illinois River Correctional Center Medical Staff/Supervisors/ and/or Employees.**

40.     Plaintiff restates and reincorporates Paragraphs 1–31 as Paragraph 40 of Count II of this Complaint.

41.     Plaintiff had serious trauma and pain arising out of his fall while being detained inside the Cook County Jail, Division 8, Deck 3F, on January 7, 2019.

42.     Defendants to Count II were deliberately indifferent to Plaintiff's serious medical need by not providing him with medical attention while he was detained at the Cook County Jail, and when he was incarcerated at Illinois River Correctional Center.

43.     The actions, and inactions, of Defendants to Count II, described above, whereby said Defendants were aware of but deliberately, willfully, and wantonly ignored the obvious serious medical needs of Plaintiff, and the substantial risk of serious and worsening injury, and failed to take appropriate steps to protect him, constituted deliberate indifference to Plaintiff's medical needs, thus violating the Fourteenth Amendment of the Constitution.

44.     Said Defendants' conduct contributed to Plaintiff's worsening medical condition.

9

45. The Constitution violations detailed above were caused by the customs, policies, and practices of Defendants to Count II, and the promulgation, enforcement, and dissemination of same.

46. Defendants to Count II, or any of them, were then and there guilty of the following:

    a. Fostering an atmosphere at the Cook County Department of Corrections and Cermak Health Services where correctional employees including medical personnel are encouraged to disregard serious medical needs of detainees;

    b. Knowingly failing to ensure that serious emergent medical needs of detainees could be treated in a reasonable timeframe;

    c. Failing to train its employees to recognize and take proper action regarding the medical needs of pretrial detainees, including training employees and medical personnel to identify those detainees in need of emergent medical needs;

    d. Understaffing the jail, thus making it more likely that detainees' serious medical needs would go untreated;

    e. Failing to promulgate and implement proper procedures calculated to determine whether detainees were in emergent medical need;

    f. Failing to have adequate assessment of detainees' medical conditions by qualified medical staff, including physicians;

    g. Failing to have adequately staffed medical personnel;

    h. Employing, both directly and by contract, unqualified, poorly trained and incompetent personnel to provide medical care to inmates and detainees;

    i. Having insufficient detainee supervision;

    j. Failing to properly communicate between divisions of the Cook County Department of Corrections, including between Cermak Health Services and the jail;

    k. Otherwise acting willfully and wantonly in ignoring the medical needs of LEWIS LOVE.

47. As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, Plaintiff was deprived of his rights, privileges, and immunities guaranteed to him by the Eighth and Fourteenth Amendments to the United States Constitution, namely, he was caused to suffer great pain and mental anguish.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendants to Count II, and each of them, for compensatory damages, costs, attorney fees, and for all other legal and equitable remedies available under State and Federal Law.

## II. STATE LAW CLAIMS

### COUNT III

**NEGLIGENCE– Sheriff Thomas J. Dart, Unknown (John Doe) Cook County Department of Corrections Officers/ and/or Supervisors, Unknown (John Doe) Cook County Sheriff's Office Deputies/ and/or Supervisors, Unknown (John Doe) Cook County Facilities Management Supervisors/ and/or Employees.**

48. Plaintiff restates and reincorporates Paragraphs 1–31 as Paragraph 48 of Count III of this Complaint.

49. At all relevant times, the dormitory in Division 8, Deck 3F, of the Cook County Jail had one restroom facility.

50. At all relevant times, the floor of the restroom in Division 8, Deck 3F, of the Cook County Jail, was wet, oily, and/or greasy, creating a health and safety hazard for Plaintiff and all individuals detained in said dormitory.

51. On January 7, 2019, Plaintiff was detained in Division 8, Deck 3F, of the Cook County Jail, and was in the exercise of due care and caution for his own safety.

52. Defendants to Count III, knew, or should have known, that said restroom was wet, oily, and/or greasy, providing a health and safety hazard to Plaintiff and the other individuals detained in said dormitory.

53. It was reasonably foreseeable to said Defendants to Count III that detainees, specifically Plaintiff, would be required to access the restroom facilities while being detained in Division 8, Deck 3F of the Cook County Jail, and, as such, said Defendants owed a duty to keep said area reasonably safe.

54.     On January 7, 2019, Defendants to Count III, or any of them, in breach of their aforementioned duty, were then and there guilty of one or more of the following careless, negligent, and/or improper acts and/or omissions:

a.      Failing to properly maintain the common area in question so as to furnish to Plaintiff the access the basic necessities of life provided in the facilities he was detained within, free from hazards, which were recognized or should have been recognized by said Defendants, as causing or likely to cause serious physical harm to Plaintiff and others;

b.      Failing to inspect and/or maintain the restroom in the detainment facilities managed by said Defendants, the failure of which gave Plaintiff no safe means to move about the area he was detained within;

c.      Failing to inspect and maintain the restroom floor in the dormitory managed by said Defendants wherein Plaintiff was caused to fall as a result of improper maintenance and/or cleaning of the facility and/or a lack thereof;

d.      Failing to maintain and/or inspect the dormitory facilities managed by said Defendants so as to maintain it in good and safe condition for Plaintiff and others;

e.      Failing otherwise to comply with the applicable laws and regulations of the State of Illinois, and the applicable Federal laws and regulations; and,

f.      Were otherwise engaging in acts and/or omissions which were careless, negligent, and/or improper.

55.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendants to Count III, Plaintiff, LEWIS LOVE, was caused to violently slip and fall down in the restroom of Division 8, Deck 3F, of the Cook County Jail on January 7, 2019, thereby suffering injuries internally and externally, both temporary and permanently; as a result of said injuries, LEWIS LOVE suffered and will continue to suffer great pain and mental anguish, has been and will be prevented from attending his normal affairs of life, and have been caused, and will be caused, to expend large sums of money for the treatment of said injuries.

12

WHEREFORE, the Plaintiff, LEWIS LOVE, prays that this Court enter judgment in his favor and against Defendants to Count III, and each of them, for compensatory damages, costs, attorney fees, and for all other legal and equitable remedies available under State and Federal Law.

### COUNT IV

**NEGLIGENCE– Sheriff Thomas J. Dart, Unknown (John Doe) Cook County Department of Corrections Officers/ and/or Supervisors, Unknown (John Doe) Cook County Sheriff's Office Officers/ and/or Supervisors, Unknown (John Doe) Cermak Health Services of Cook County Agents/ and/or Employees, Unknown (John Doe) Illinois River Correctional Center Medical Staff/Supervisors/ and/or Employees.**

56. Plaintiff restates and reincorporates Paragraphs 1–31 as Paragraph 56 of Count IV of this Complaint.

57. At all relevant times, Defendants to Count IV were tasked with providing the necessary medical care to the detainees and inmates entrusted into their care.

58. On January 7, 2019, and thereafter, Plaintiff was in the exercise of due care and caution for his own safety, and sought out medical attention from Defendants to Count IV through the procedures required of him.

59. Defendants to Count IV, or any of them, knew, or should have known, that Plaintiff had suffered a serious fall on January 7, 2019, in the restroom of Division 8, Deck 3F, of the Cook County Jail, and complained of serious and constant pain and injuries.

60. It was reasonably foreseeable to said Defendants to Count IV that Plaintiff had suffered significant injuries as a result of his fall, and required immediate medical attention, examination, and treatment, and as such, said Defendants owed a duty to provide Plaintiff said care.

61. Defendants to Count IV breached this duty by committing the following acts and/or omissions:

      a.    Fostering an atmosphere at the Cook County Department of Corrections and Cermak Health Services where correctional officers, agents, representatives,

and medical personnel are encouraged to disregard serious medical needs of detainees;

b. Knowingly failing to ensure that serious emergent medical needs of detainees could be treated in a reasonable timeframe;

c. Failing to make regular and timely checks of the dormitories;

d. Failing to train its employees to recognize and take proper action regarding the medical needs of pretrial detainees, including training employees and medical personnel to identify those detainees with emergent medical needs;

e. Understaffing the jail, thus making it more likely that detainees' serious medical needs would go untreated;

f. Failing to promulgate and implement proper procedures calculated to determine whether detainees had emergent medical needs;

g. Failing to have adequate assessment of detainees' emergent medical needs by qualified medical staff, including physicians;

h. Failing to have adequately staffed medical personnel;

i. Encouraging the falsification and/or destruction of reports to cover up inadequacies in the care and treatment of pretrial detainees;

j. Employing, both directly and by contract, unqualified, poorly trained and incompetent personnel to provide medical care to inmates and detainees;

k. Allowed to exist or failed to correct the failures inherent in their policies, procedures, and personnel despite knowledge of past deprivation of necessary medical care in the Cook County Department of Corrections and the problems existing in their policies, procedures and personnel;

l. Having insufficient detainee supervision;

m. Failing to properly communicate between divisions of the Cook County Department of Corrections; including between Cermak Health Services and the jail;

n. Otherwise acting negligently, carelessly, and/or improperly in ignoring the medical needs of LEWIS LOVE.

62. As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendants to Count IV, or any of them, the injuries suffered by Plaintiff, LEWIS LOVE,

14

from a fall in the restroom of Division 8, Deck 3F, of the Cook County Jail on January 7, 2019, went untreated, and progressively worsened due to the lack of medical attention; as a result of said lack of medical attention, LEWIS LOVE suffered and will continue to suffer great pain and mental anguish, have been and will be prevented from attending his normal affairs of life, and have been caused, and will be caused, to expend large sums of money for the treatment of said injuries.

WHEREFORE, the Plaintiff, LEWIS LOVE, prays that this Court enter judgment in his favor and against Defendants to Count IV, and each of them, for compensatory damages, costs, attorney fees, and for all other legal and equitable remedies available under State and Federal Law.

Respectfully submitted,

MULHERIN, REHFELDT & VARCHETTO, P.C.

By:_____
       Attorney for Plaintiff,
       LEWIS LOVE

Patricia L. Argentati (06181822)
James D. Mitchell (06330150)
Bridget A. Liccardi (06296666)
MULHERIN, REHFELDT & VARCHETTO, P.C.
211 S. Wheaton Avenue, Suite 200
Wheaton, IL 60187
(630) 653-9300
Fax: (630) 653-9316
pargentati@mrvlaw.com
jmitchell@mrvlaw.com
bliccardi@mrvlaw.com