# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 19 cv 2762 |
| | ) | |
| SHERIFF OF COOK COUNTY | ) | Judge John Z. Lee |
| THOMAS J. DART, in his official capacity, | ) | |
| et. al. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## DEFENDANT DART'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Defendant, Thomas Dart, Sheriff of Cook County in his official capacity, ("Defendant"), by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Rachael D. Wilson, and moves this honorable court to enter an order dismissing Plaintiff's Complaint pursuant to 12(b)(6). In support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, Defendant states as follows:

### INTRODUCTION

Plaintiff Lewis Love ("Plaintiff"), a former detainee at Cook County Jail, filed a complaint with the Federal District Court for the Northern District of Illinois alleging violations of 42 U.S.C. §1983. Plaintiff claims that on January 7, 2019, he fell in the bathroom of Division 8, Tier 3F of the Cook County Jail injuring himself. This Court appointed Plaintiff counsel and appointed counsel filed Plaintiff's Second Amended Complaint on December 6, 2019 alleging violations of 42 U.S.C. §1983 as well as state law negligence claims.

Plaintiff's Second Amend Complaint should be dismissed as it pertains to Defendant

1

Sheriff Dart for two reasons. First, Plaintiff's Second Amended Complaint fails to allege a widespread custom or practice of the conduct complained of. Plaintiff has thus failed to allege a claim against Defendant Dart in his official capacity. Second, according to the Illinois Local Government and Government Employees Tort Immunity Act, the Cook County Sheriff cannot be sued on a basis of negligence, which is the only basis for Plaintiff's state law claims. As such, this Court should dismiss Plaintiff's Second Amended Complaint with prejudice against Defendant Dart.

### FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Second Amended Complaint and presumed true solely for the consideration of this Motion to Dismiss. Plaintiff alleges that on January 7, 2019, he entered the restroom in Division 8, Tier 3F of the Cook County Jail to rinse his cup. (Plaintiff's Second Amended Complaint, Dkt. 23, ¶15). Upon entering the restroom, Plaintiff slipped, hitting his head. (*Id.* at ¶16-17). As a result of the fall, Plaintiff experienced dizziness, a painful headache, and trauma to his head, back, elbows, and forearms. (*Id.* at ¶18-19).

Plaintiff notified the on-duty Sheriff's Officer and Supervisor of his fall, and requested medical treatment. (*Id.* at ¶19). The Officer and Supervisor told Plaintiff to inform the on-duty nurse during the next medical pass. (*Id.* at ¶20). During the next medical pass, Plaintiff discussed his fall and injuries with the on-duty nurse, who conducted an evaluation and determined that Plaintiff appeared fine. (*Id.* at ¶21). In addition to speaking with the on-duty nurse, Plaintiff submitted a "pink slip" in which he requested a medical evaluation and treatment and spoke to the Head Nurse. (*Id.* at ¶22-23). The Head Nurse told Plaintiff that she would try to have a doctor evaluate Plaintiff, but did not send Plaintiff for immediate care at Cermak or request any sort of urgent evaluation and treatment. (*Id.* at ¶23).

The next day, on January 8, 2019, Plaintiff made another request for medical treatment to the on-duty Officer and Sergeant, and also submitted another pink slip. (*Id.* at ¶24-25). Plaintiff continued to submit pink slips until January 16, 2019. (*Id.* at ¶25). On February 14, 2019, Plaintiff was examined and discovered to have a "knot" on his head. (*Id.* at ¶27). Plaintiff was prescribed Tylenol. (*Id.*). After being prescribed Tylenol, Plaintiff continued to experience migraine headaches, sensitivity to loud noises, intermittent back pain, numbness in his elbows and forearms, and diarrhea and lack of control of his bowels. (*Id.* at ¶28).

## STANDARD OF REVIEW

A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." When considering a motion to dismiss, the Court must assume as true all well-pled allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *See, e.g., Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990). "[T]he liberal notice pleading allowed by the federal rules requires the complaint to include the operative facts upon which a [P]laintiff bases his claim." *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir. 1985) (citations omitted). While a complaint attacked by a Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need detailed factual allegations, Plaintiff has an obligation to provide grounds for his alleged entitlement to relief with more than labels, conclusions, or a formulaic recitation of the elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Courts are not bound to accept as true a legal conclusion posing as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## ARGUMENT

Plaintiff's §1983 claims in Plaintiff's Second Amended Complaint should be dismissed against Defendant Dart because (1) Plaintiff has failed to allege that there is a policy of failing to

maintain the jail which led to his injury, nor did Plaintiff allege a widespread custom or practice

of neglecting the medical needs of detainees and (2) Plaintiff failed to allege a physical injury.

Similarly, the Court should also dismiss Plaintiff's state law claims in Counts III and IV pursuant

to the Illinois Local Government and Government Employee Tort Immunity Act.

### 1. Plaintiffs Section 1983 claims should be dismissed against Defendant Dart.

According to the Seventh Circuit, a plaintiff cannot hold a government entity vicariously

liable for the conduct of its employees unless the action was part of a widespread custom or

policy. *See Manney v. Monroe,* 151 F. Supp. 2d 976 (7th Cir. 2001). In addition, a plaintiff

must plead at least that a policy or custom of the governmental entity has caused the plaintiff's

alleged injury. *See Payne v. Churchich*, 161 F.3d 1030 (7th Cir. 1998) (The standard announced

in *Miranda v. Lake County,* 900 F.3d 335 (7th Cir. 2018), did not materially affect aspect in

*Payne v. Churchich*[1]). Furthermore, Plaintiff failed to allege a physical injury accepted under the

Prisoner Litigation Reform Act.

### A. Plaintiff fails to claim an official policy or widespread custom to make Defendant Dart liable for the actions of his employees.

"As a general rule, a county is not vicariously responsible for the alleged misdeeds of its

employees." *Manney v. Monroe,* 151 F. Supp. 2d 976, 1000 (7th Cir. 2001) (internal quotations

omitted). When suing a government entity or official in his official capacity, "a plaintiff must

allege that a policy, custom, or practice of the government entity deprived the plaintiff of a

constitutionally protected interest." *Id.*

Unconstitutional policies or customs generally take one or more of three forms: (1) an

---

[1] The Supreme Court recently disapproved the uncritical extension of Eighth Amendment jurisprudence to the pretrial setting in *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015). There the Court held that a pretrial detainee bringing an excessive force claim did not need to prove that the defendant was subjectively aware that the amount of force being used was unreasonable. Id. at 2472-73. Rather, the plaintiff needed only to show that the defendant's conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 351 (7th Cir. 2018)

express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000). To state a *Monell* claim, "the plaintiff must allege that an official policy or custom not only caused the constitutional violation, but was the moving force behind it." *Shultz v. Dart*, 2013 U.S. Dist. LEXIS 156546 *11 (N.D. Ill. Decided October, 31, 2013) (internal quotations omitted).

Plaintiff's Second Amended Complaint fails to allege facts that support a claim of official policy or widespread custom. First, Plaintiff's Second Amended Complaint fails to allege what express policy, if any, caused Plaintiff's injury. Second, the Second Amended Complaint fails to allege a widespread practice of causing his injury, and indeed, fails to allege any other similar instances. Third, Plaintiff failed to allege that Defendant Dart has any role in his allege injury.

Plaintiff claims that Defendant Dart "fostered an atmosphere" of officers neglecting their duties. But, Plaintiff also alleges that the Officer and Supervisor suggested Plaintiff speak with the on-duty nurse during the medical pass, and that he fill out pink slips for additional medical care. The On-duty Nurse evaluated Plaintiff, and decided Plaintiff did not have any condition requiring further immediate medical care. When Plaintiff spoke with Head Nurse, she told Plaintiff that she would try to get him seen, but also did not refer Plaintiff for emergency care or take steps to ensure that he was treated on an expedited basis.

While Defendant Dart is responsible for the Cook County Department of Corrections ("CCDOC"), Cook County is responsible for Cermak Health Services ("Cermak"), which is the health care provider for all detainees housed at CCDOC. *Harrison v. County of Cook*, 2011 U.S.

5

Dist. LEXIS 102492 at *2 (N.D. Ill. 2011). As a matter of law, the Sheriff, an independently elected constitutional officer who answers to the electorate, is a separate and distinct entity from Cook County, which runs Cermak. *Id.* at *18-19. "Cook County, through Cermak, is responsible for providing medical care to detainees. Dart's office, by contrast, is responsible for operating and maintaining CCDOC as a jail." *Id.* at *21-22. *See*, *Winfield v. Dart*, 2014 U.S. Dist. LEXIS 32509 at *2-3 (N. D. Ill. 2014); *DeGenova v. Sheriff of Dupage Cnty.*, 209 F.3d 973 (7th Cir. 2000). Cermak is operated by Cook County, a separate entity from Cook County Jail, and an extension of Cook County Health. *Winfield v. Dart*, 2014 U.S. Dist. LEXIS 32509 at *3; *Boyce v. Moore*, 314 F.3d 884, 887 n.1 (7th Cir. 2002). Defendant Dart cannot be held liable for "practices, policies, or actions which are unrelated to that entity." *Thompson v. Duke*, 822 F.2d 1180, 1187 (7th Cir. 1989). As such, Defendant Dart cannot be held liable for the failure to provide medical care.

Furthermore, the courts have well settled that non-medical personnel, such as the unidentified Officer and Sergeant, are not expected to second-guess the expertise of medical personnel. *See Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011); *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (police officers were not responsible for administering medical care and were entitled to defer to the judgment of health professionals); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (if prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands). *See also*, *Rice ex rel. Rice v. Corr. Med. Servs.* 675 F.3d 650, 676, 678-79 (7th Cir. 2012); *Estate of Perry v. Wenzel*, 872 F.3d 439, 458-59 (7th Cir. 2017).

Based on the facts in Plaintiff's Second Amended Complaint, Plaintiff alleged that he reported a fall to the Officer and Sergeant, and they appropriately referred him to medical

6

personnel, who determined there was no emergency.  Far from neglecting their duties, the

Officer and Sergeant performed their duties, and deferred to trained medical personnel who

Defendant Dart does not control.  None of the facts pled suggest a policy of Sheriff's Officers

ignoring the responsibility to care for or protect Plaintiff from the condition of the jail.

Defendant Dart and his employees are not charged with the duty to provide health care to the

detainees.  *See*, *United States v. Cook County*, 2010 U.S. Dist. Lexis 83946 (N. D. Ill. Decided

August 17, 2010).  As such, this Court should dismiss Defendant Dart from Plaintiff's Second

Amended Complaint with prejudice.

> **B.  Plaintiff has failed to allege that the maintenance of the Cook County Jail infringes on his constitutional rights.**

"Under § 1983, a municipality can incur liability if it maintains a policy that sanctions the

maintenance of prison conditions that infringe upon the constitutional rights of the prisoners."

*Payne v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998).   Typically courts require an express

policy that when enforced causes the constitutional deprivation complained of.  *See Baskin v.*

*City of Des Plaines*, 138 F.3d 701, 704-05 (7th Cir. 1998).  In *Payne*, the plaintiff alleged that the

county maintained its "confinement facility with deliberate indifference and callous disregard for

the welfare of the inmates" and thus injured the plaintiff.  *Payne*, 161 F.3d at 1043.  However,

the Seventh Circuit did not find that such allegations were sufficient to give rise to a 1983 cause

of action.  *Id.*  (*"*It does not allege, however, a sufficient factual predicate for the essential

element that the County's placement of Mr. Hicks in the city jail was done pursuant to a policy

that evinces reckless disregard for his safety").

Like *Payne*, where the plaintiff failed to allege a policy that led to his injury, Plaintiff in

the case at hand has failed to allege that a policy of the Sheriff's Office caused either him to slip

or his alleged pain.  The Second Amended Complaint states that Plaintiff slipped in the bathroom

and informed unknown Officer and Sergeant. The unknown Officer and Sergeant instructed him

to inform medical staff. The Seventh Circuit requires more to proceed on a claim under § 1983.

*See Payne*, 161 F.3d at 1043. Therefore, the Court should dismiss Defendant Dart from

Plaintiff's Second Amended Complaint with prejudice.

### C.   Plaintiff has failed to assert an actionable injury under the Prisoner Litigation Reform Act.

According to 42 U.S.C. § 1997e(e), "no federal civil action may be brought by a prisoner

confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered

while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The

Seventh Circuit has found that a plaintiff who claims that his injury consisted of a weight loss

and mental health issues was insufficient under the Prison Litigation Reform Act ("PLRA").

*Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006). In *Pearson*, the plaintiff offered

testimony that he was "mentally and physically depressed and lost at least fifty pounds." *Id.*

The Seventh Circuit agreed with the district court that the plaintiff's "unelaborated claim is

insufficient to support [plaintiff's] assertion that he suffered physical injury as the term is

commonly understood." *Id.* In the *Pearson* case, the Seventh Circuit cited two cases in which

the Court explains a "prisoner's weight loss, appetite loss, and insomnia after an alleged

constitutional violation is not a physical injury." *Id. citing, Davis v. District of Columbia*, 158

F.3d 1342, 1349 (D.C. 1998).

Plaintiff has claimed that since the fall he has "suffered from migraine headaches,

sensitivity to loud noised, intermittent back pain, numbness in his elbows and forearms, and lack

of control of his bowels." (Plaintiff's Second Amended Complaint ¶28.) Plaintiff has not

connected any of those complaints to his alleged fall nor has there been a claim that the conduct

of the Sheriff's Officers was the proximate cause of those complaints. The Seventh Circuit has

8

held physical and mental depression along with the loss of fifty pounds not to be sufficient for physical injury. Thus, this Court should not find that Plaintiff has pled physical injury sufficient to support a claim of constitutional violation. Moreover, since the D.C. Circuit similarly believed that weight and appetite loss, along with insomnia are not sufficient for physical injury, then complaints of migraine headaches, back pain, numbness, and inconsistent bowel movements are not sufficient to support a constitutional violation claim within the PLRA even if accepted as true. Therefore, the Court should dismiss Plaintiff's Second Amended Complaint with prejudice.

**2. Plaintiff's state law claims fail under the Illinois Local Government and Government Employee Tort Immunity Act.**

Plaintiff cannot proceed on Counts III or IV because they are barred by the Illinois' Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"). 745 ILCS 10/1-101 *et seq.* The Tort Immunity Act exists to "protect local public entities and public employees from liability arising from the operation of government." 745 ILCS 10/1-101(a). The term "'Public Employee' means an employee of a local public entity". 745 ILCS 10/1-207; 745 ILCS 10/1-202; *Moy v. County of Cook*, 159 Ill. 519, 530-32 (1994). Pursuant to the Tort Immunity Act, the Court should dismiss Plaintiff's state law negligence claims against Defendant and his employees because (A) absolute immunity applies under the tort immunity act; (B) a government entity cannot be held liable for negligence conduct; (C) Defendant Dart cannot be liable for the failure to furnish medical care; and (D) Defendant cannot be liable for the negligent failure to inspect.

**A. Defendant Dart in his official capacity is absolutely immune under the Tort Immunity Act.**

Under the Tort Immunity Act, "neither a public entity nor a public employee is liable for failure to provide a jail, detention, or correctional facility, or if such facility is provided, for

failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this section requires the periodic inspection of prisoners." 745 ILCS 10/4-103. As interpreted by the Seventh Circuit, the Illinois Legislature created §4-103 as an absolute immunity for the government entity. *Payne*, 161 F.3d at 1044 (finding that the "the County of Madison is immune from liability pursuant to § 4-103 of the Illinois Tort Immunity Act on the allegations" that the County failed to provide "sufficient supervision or facilities" and periodic inspection of prisoners). "Section 4-103 applies to [Cook County Department of Corrections] detention facilities." *Jefferson v. Sheahan*, 664 N.E.2d 212, 214 (Ill. App. 1996). Section 4-103 provides the administrators of detention facilities immunity from the "failure to adequately provide for and supervise the facility." *Id.*

Defendant Dart is sued in his official capacity. Defendant Dart is the administrator of the Cook County Jail, a Cook County Department of Corrections detention facility. Plaintiff claims that Defendant Dart failed to provide sufficient supervision and facilities. Specifically, Plaintiff claims that Defendant failed to maintain and inspect the facility. These claims boil down to a claim of failure to supervise and a failure to equip, both of which Defendant Dart is absolutely immune from liability. Like *Jefferson*, where the plaintiff made a claim of failure to supervise and adequately provide, Plaintiff has no cause of action under state law. As such, under the Tort Immunity Act, Defendant Dart is immune from the claims Plaintiff asserts in his Second Amended Complaint. Therefore, the Court should dismiss Counts III and IV of Plaintiff's Second Amended Complaint with prejudice.

### B. Under the Tort Immunity Act, liability cannot be based on mere negligence; Plaintiff must allege willful and wanton.

Plaintiff's "Negligence" claims found in Count III and IV are barred by Section 2-202, of the Tort Immunity Act which, at a minimum, requires the heightened pleading of "willful and

wanton conduct." The Tort Immunity Act does not create a "willful and wanton cause of action" even though the act allows plaintiffs to bring a cause of action against a public official once the defendant's conduct reaches willful and wanton. *Sparks v. Starks*, 367 Ill. App. 3d 834, 838 (Ill. App. Ct. 2006). According to *Sparks v. Starks*, willful and wanton conduct is described as "a course of action which shows an actual or deliberate intention to cause harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." *Id.* (citing 745 I.L.C.S. 10/1-210). Plaintiff has failed to plead that the conduct of Defendant Dart or his employees rises to the level of willful and wanton. Therefore, the Court should dismiss Counts III and IV of Plaintiff's Second Amended Complaint with prejudice.

### C. Defendant cannot be held liable for the failure to furnish medical care.

Under the Tort Immunity Act, "neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody." 745 ILCS 10/4-105.

Plaintiff has failed to allege that the Officer or Sergeant knew, from their observations of Plaintiff, that Plaintiff was in need of immediate medical care. *See* 745 ILCS 10/4-105. Plaintiff has merely alleged that Defendant's employees, from Plaintiff's complaints of his fall and injury, instructed Plaintiff to discuss his conditions with the On-duty Nurse at the medical pass. (Plaintiff's Second Amended Complaint, ¶19-20). Without more, Plaintiff has failed to allege that Defendant's employees acted willfully and wantonly toward his medical condition. Thus, Plaintiff cannot proceed on Counts III and IV. Therefore, the Court should dismiss Counts III and IV of Plaintiff's Second Amended Complaint with prejudice.

### D. Defendant cannot be held liable for failure to inspect property other than its own.

According to the Tort Immunity Act, "a local public entity is not liable for injury caused

11

by its failure to make an inspection, or by reason of making an inadequate or negligent inspection, or by reason of making an inadequate or negligent inspection, of any property, other than its own, to determine whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety." 745 ILCS 10/2-105.

Neither Defendant Dart nor his employees own the Cook County Jail facility; rather Cook County owns the Cook County Jail facility. As such, the Tort Immunity Act protects Defendant Dart and his employees from liability due to any failure to make an inspection or making an inadequate or negligent inspection. *See* 745 ILCS 10/2-105. Plaintiff alleges that Defendant or his employees failed to inspect the bathroom, thus leading to Plaintiff's injury. As such, under the Tort Immunity Act, Defendant cannot be held liable for the failure to inspect. Therefore, this Court should dismiss Count III of Plaintiff's Second Amended Complaint with prejudice.

WHEREFORE  Defendant Dart respectfully request that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted because (1) Plaintiff failed to plead a *Monell* claim to establish that Defendant Dart may be held liable under §1983 and (2) Plaintiff failed to claim a physical injury recognized under the PLRA. As such, this Court should dismiss Plaintiff's Second Amended Complaint with prejudice against Defendant Dart. Similarly, this Court should also dismiss Counts III and IV of Plaintiff's Second Amended Complaint with prejudice pursuant to the Tort Immunity Act. Moreover, Defendant Dart request that the Court stay any responsive pleadings in this matter until the Court rules on this motion.

Respectfully submitted,

KIMBERLY FOXX
State's Attorney of Cook County

12

By:     */s/ Rachael D. Wilson*
         Rachael Wilson
         Assistant State's Attorney

Rachael D. Wilson
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60601
Rachael.wilson@cookcountyil.gov
(312) 603-2721