UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| LEWIS LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 19 cv 2762 |
| ) | |
| SHERIFF OF COOK COUNTY ) | Judge John Z. Lee |
| THOMAS J. DART, in his official capacity, ) | |
| et. al. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

### DEFENDANT COOK COUNTY DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)

NOW COMES Defendant, Cook County Department of Corrections[1], ("CCDOC") ("Defendant"), by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Rachael D. Wilson, and moves this honorable court to enter an order dismissing Plaintiff's Complaint pursuant to 12(b)(2). In support of Defendant's Motion to Dismiss, Defendant states as follows:

#### INTRODUCTION

Plaintiff Lewis Love ("Plaintiff"), a former detainee at Cook County Jail, filed a complaint with the Federal District Court for the Northern District of Illinois alleging violations of 42 U.S.C. §1983. Plaintiff claims that on January 7, 2019, he fell in the bathroom of Division 8, Tier 3F of the Cook County Jail injuring himself. This Court appointed Plaintiff counsel and appointed counsel filed Plaintiff's Second Amended Complaint on December 6, 2019 alleging violations of 42 U.S.C. §1983 as well as state law negligence claims.

---

[1] The Cook County Department of Corrections is a nonsuable entity and therefore will not be appearing for the Love v. Dart lawsuit. As a nonsuable entity, no court has personal jurisdiction over the Cook County Department of Corrections. Because no court would have personal jurisdiction over the Cook County Department of Corrections, the Court should dismiss the Cook County Department of Corrections from Plaintiff's Second AmenEd Complaint per the standards and laws set forth in this motion.

Plaintiff's Second Amended Complaint should be dismissed as it pertains to Defendant CCDOC because the CCDOC is a non-suable entity. As such, this Court should dismiss Plaintiff's Second Amended Complaint with prejudice against Defendant CCDOC.

### FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Second Amended Complaint and presumed true solely for the consideration of this Motion to Dismiss. Plaintiff alleges that on January 7, 2019, he entered the restroom in Division 8, Tier 3F of the Cook County Jail to rinse his cup. (Plaintiff's Second Amended Complaint, Dkt. 23, ¶15). Upon entering the restroom, Plaintiff slipped, hitting his head. (*Id.* at ¶16-17). As a result of the fall, Plaintiff experienced dizziness, a painful headache, and trauma to his head, back, elbows, and forearms. (*Id.* at ¶18-19).

Plaintiff notified the on-duty Sheriff's Officer and Supervisor of his fall, and requested medical treatment. (*Id.* at ¶19). The Officer and Supervisor told Plaintiff to inform the on-duty nurse during the next medical pass. (*Id.* at ¶20). During the next medical pass, Plaintiff discussed his fall and injuries with the on-duty nurse, who conducted an evaluation and determined that Plaintiff appeared fine. (*Id.* at ¶21). In addition to speaking with the on-duty nurse, Plaintiff submitted a "pink slip" in which he requested a medical evaluation and treatment and spoke to the head nurse. (*Id.* at ¶22-23). The head nurse told Plaintiff that she would try to have a doctor evaluate Plaintiff. (*Id.* at ¶23).

The next day, on January 8, 2019, Plaintiff made another request for medical treatment to the on-duty Officer and Sergeant, and also submitted another pink slip. (*Id.* at ¶24-25). Plaintiff continued to submit pink slips until January 16, 2019. (*Id.* at ¶25). On February 14, 2019, Plaintiff was examined and discovered to have a "knot" on his head. (*Id.* at ¶27). Plaintiff was prescribed Tylenol. (*Id.*). After being prescribed Tylenol, Plaintiff continued to experience

migraine headaches, sensitivity to loud noises, intermittent back pain, numbness in his elbows and forearms, and diarrhea and lack of control of his bowels. (*Id.* at ¶28).

## STANDARD OF REVIEW

A court must dismiss a claim against a party which it does not have personal jurisdiction over. Fed. R. Civ. Pro. 12(b)(2). "Capacity to sue or be sued is determined . . . for an individual who is not acting in a representative capacity, by the law of the individual's domicile; for a corporation, by the law under which it was organized; and for all other parties, by the law of the state where the court is located." Fed. R. Civ. Pro. 17(b).

## ARGUMENT

Plaintiff's Second Amended Complaint should be dismissed against Defendant CCDOC because Defendant CCDOC is a nonsuable entity.

Federal law states that the "capacity to be sued is determined by the forum state's law." *Manney v. Monroe*, 151 F. Supp. 2d 976, 988 (N.D. Ill. 2001). *See* Fed. R. Civ. Pro. 17(b)(3). In *Manney*, the Court found that because Cermak Health Services is located in Illinois, Illinois Law determined whether Cermak Health Services may be sued. *Manney*, 151 F. Supp. 2d at 988. Under Illinois law, a Plaintiff may not sue a defendant unless the defendant has "legal existence, either natural or artificial." *Id.* "Departments of a governing body which have no legal existence separate from the governing body cannot be sued under §1983. Cermak is a department within Cook County, with no legal existence, and, therefore, is not a suable entity." *Id.* Under Illinois law, "where a suit is brought against an entity which is legally nonexistent, the proceedings are void *ab initio*, and its invalidity may be called to the court's attention at any stage of the proceedings. A complaint which does not name a party legally in existence is in reality a nullity as to that party." *Tyler v. J.C. Penney Co.,* 496 N.E.2d 323 (Ill. App. 1986).

Like Cermak Health Services, the CCDOC is not a suable entity. According to the County Department of Corrections Act, 55 ILCS 5/3-15001 *et. seq.*, "in a county having more than 1,000,000 inhabitants, there is created within the office of the Sheriff a Department of Corrections." 55 ILCS 5/3-16002. CCDOC is created within the Cook County Sheriff's Office per the Illinois statute. As such, the CCDOC is not a separate or distinct entity from the Cook County Sheriff's Office. Therefore, CCDOC to the extent it is named in the complaint is a nonsuable entity and should be dismissed with prejudice.

WHEREFORE Defendant CCDOC respectfully request that Plaintiff's Second Amended Complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted against the Defendant because Defendant CCDOC is a nonsuable entity. Moreover, Defendant request that the Court stay any responsive pleadings in this matter until the Court rules on this motion.

    Respectfully submitted,

    KIMBERLY FOXX
    State's Attorney of Cook County

    By:   */s/ Rachael D. Wilson*
            Rachael Wilson
            Assistant State's Attorney

Rachael D. Wilson
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60601
Rachael.wilson@cookcountyil.gov
(312) 603-2721