UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| LEWIS LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 19 CV 2762 |
| ) | |
| SHERIFF OF COOK COUNTY ) | Judge John Z. Lee |
| THOMAS J. DART, in his official capacity, ) | |
| et. al. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

### COUNTY DEFENDANT'S MOTION TO DISMISS
### PLAINTIFF'S SIXTH AMENDED COMPLAINT

NOW COME Defendants, Thomas Dart, Sheriff of Cook County in his official capacity ("the Sheriff" or "Sheriff Dart"), Darnice Wiggins, Anthony Sevening, Carl Berry, Steven Zaremba, M. Perry, J. Alanis, Gina Chung, Daniel Kaczrowski, Kim Anderson, Umeadi Imanlilaen-Iyare, Linda Miller, and Cook County, (collectively "County Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Rachael D. Wilson, and move this honorable Court to enter an order dismissing Plaintiff's Sixth Amended Complaint pursuant to Federal Rule 12(b)(6). In support of this motion, County Defendants states:

### INTRODUCTION

Plaintiff filed his Sixth, and final, Amended Complaint renaming the original 13 County Defendants but failing to remedy the previous complaints' failings. *See* Dkt. 120; Dkt. 121. Plaintiff claims that on January 7, 2019, he fell in the bathroom of Division 8, Tier 3F, of the Cook County Jail injuring himself. Plaintiff filed Plaintiff's Fourth Amended Complaint on March 5,

1

2020, alleging violations of 42 U.S.C. §1983[1] as well as state law negligence claims naming County Defendants for the first time. On July 10, 2020, Plaintiff filed his Fifth Amended Complaint realleging the same claims against County Defendants and naming Wexford Defendants. The Court dismissed all by one of County Defendants from Plaintiff's Fifth Amended Complaint and allowed Plaintiff to amend a final time. Dkt. 120.

On April 6, 2021, Plaintiff filed his Sixth Amended Complaint containing the same claims and named defendants as previous complaints but attempting to change the factual narrative. Plaintiff once again, however, has failed to state a claim upon which relief may be granted for the same reasons as before. First, Section 1983 requires personal involvement of County Defendants in the alleged constitutional violation. Second, Plaintiff failed to allege a *Monell* claim against multiple defendants. Third, Count I of Plaintiff's Sixth Amended Complaint fails to allege a conditions of confinement claim under Section 1983. Fourth, Count II fails to allege objectively unreasonable medical care under Section 1983. Lastly, the Illinois Local Government and Government Employees Tort Immunity Act bars Plaintiff's state law claims. As such, this Court should dismiss Plaintiff's Sixth Amended Complaint with prejudice against County Defendants.

### FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Sixth Amended Complaint and presumed true solely for the consideration of this Motion to Dismiss. Plaintiff alleges that on January 7, 2019, he entered the restroom in Division 8, Tier 3F of the Cook County Jail to rinse and fill his cup. (Plaintiff's Sixth Amended Complaint, Dkt. 121, ¶39-40.) Upon entering the restroom, Plaintiff slipped and fell. (*Id.* at ¶40-42.) As a result of the fall, Plaintiff experienced loss of consciousness,

---

[1] Plaintiff again brings his claims under the deliberate indifference standard which is incorrect. Therefore, according to *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015) and subsequent cases, County Defendants will move for dismissal under the objective unreasonableness standard.

forgetfulness, blurry vision, dizziness, a headache, and a large bump on his head. (*Id.* at ¶42.)

Plaintiff notified Officer Perry of his fall and requested medical treatment. (*Id.* at ¶43.) Officer Perry told Plaintiff to inform the on-duty nurse during the next medical pass later that morning. (*Id.* at ¶44.) During the next medical pass, Plaintiff discussed his fall and injuries with Nurse Miller, the on-duty nurse, and requested medical evaluation and treatment. (*Id.* at ¶45.) Nurse Miller said Plaintiff was okay, should lay down, and submit a request form. (*Id.*) Plaintiff followed Nurse Miller's instructions and submitted a "pink slip" in which he requested a medical evaluation and treatment. (*Id.* at ¶46.) That same day, Plaintiff also spoke to Nurse Anderson who informed Plaintiff that would need to wait to see a physician. (*Id.* at ¶47[2].)

The next day, on January 8, 2019, Plaintiff made another request for medical treatment to Officer Perry and the same request of Sergeant Berry. (*Id.* at ¶48.) Nurse Imanlihen-Iyare saw Plaintiff later the same day, examined and evaluated Plaintiff, and prescribed Plaintiff over-the-counter ("OTC") pain medication, but she did not refer Plaintiff for further treatment. (*Id.* at ¶50.)

Plaintiff submitted multiple pink slips from January 8 to January 16, 2019, seeking further medical treatment but did not receive additional treatment during that week. (*Id.* at ¶51.) On January 17, 2019, Nurse Anderson informed Plaintiff that the next available appointment for CT scan and X-Rays was not for 27 days. (*Id.* at ¶52.) On January 23, Physician Assistant ("P.A.") Chung evaluated Plaintiff's injuries and pain. (*Id.* at ¶54.) P.A. Chung determined that Plaintiff should continue his current course of treatment. (*Id.*) On February 13, 2019, P.A. Kaczrowski examined Plaintiff and reviewed his CT Scan and X-Rays. (*Id.* at ¶55.) P.A. Kaczrowski also determined that Plaintiff should continue his current course of treatment. (*Id.*)

---

[2] All prior complaints allege that Nurse Anderson stated she would try to get Plaintiff seen. Although Plaintiff Sixth Amended Complaint, the allegation now contradicts previous statements. *See* Dkt. 6, ¶4; Dkt. 79, ¶34.

Despite being seen multiple times, Plaintiff complains that he continued to experience migraine headaches, sensitivity to loud noises, intermittent back pain, numbness in his elbows and forearms, diarrhea, and lack of control of his bowels. (*Id.* at ¶56).

Plaintiff believes that the officers and sergeants on Division 8, Deck 3F, knew that detainees rinsed their eating utensils in the shower drains of the restroom facilities on Plaintiff's tier but did nothing to remedy the action. (*Id.* at ¶30-31, 36.) Plaintiff also submits that the Cook County Department of Corrections officers and sergeants select detainees to clean the restroom in the living units. (*Id.* at 32.) Plaintiff believes that the restroom in his living unit had not been cleaned in the days leading up to his fall. (*Id.* at ¶33.) Lastly, Plaintiff alleges that a policy of the nursing staff is to send a detainee for immediate treatment for a puncture wound, but other detainees have to wait at least a week for treatment. (*Id.* at ¶37-38.)

## STANDARD OF REVIEW

A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." When considering a motion to dismiss, the Court must assume as true all well-pled allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *See, e.g., Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990). "[T]he liberal notice pleading allowed by the federal rules requires the complaint to include the operative facts upon which a [P]laintiff bases his claim." *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir. 1985) (citations omitted). While a complaint attacked by a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need detailed factual allegations, Plaintiff has an obligation to provide grounds for his alleged entitlement to relief with more than labels, conclusions, or a formulaic recitation of the elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Courts are not bound to accept as true a legal conclusion posing as a factual

allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## ARGUMENT

**1. The Court should dismiss Plaintiff's Sixth Amended Complaint because Plaintiff failed to allege personal involvement of multiple County Defendants.**

Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under §1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (*citations omitted*). As such, a defendant is not liable unless he or she "actually caused or participated in a constitutional deprivation." *Taylor v. Cook County*, 2013 U.S. Dist. LEXIS 72890, *15 (N.D. Ill. 2013) (internal quotations omitted).

Plaintiff has again named 13 defendants in his Sixth Amended Complaint. However, Plaintiff states only facts against Officer Perry, Nurse Miller, Nurse Anderson, Sergeant Berry, Nurse Imanlihen-Iyare, P.A. Chung, and P.A. Kaczrowski. *See* Dkt. 121 at ¶¶45, 47, 50, 51-55. Plaintiff mentions Lieutenant Wiggins but includes no conduct related to her involvement in the alleged violations. *Id.* at ¶35. Plaintiff also names Lieutenant Sevening, Sergeant Zaremba, and Officer Alanis as defendants claiming that they failed Plaintiff but has not set forth any facts to suggest how they failed Plaintiff. Plaintiff cannot hold a defendant liable for the acts of another person under Section 1983 nor for their supervisory role. Rather, the defendant must have actually been involved in the alleged constitutional deprivation. Plaintiff's lengthy complaint merely recites legalese without any factual support against defendants Lieutenant Wiggins, Lieutenant Sevening, Sergeant Zaremba, and Officer Alanis.

Moreover, Plaintiff's Sixth Amended Complaint states that defendants Wiggins, Sevening, and Zaremba are supervisors. According to the Seventh Circuit, a supervisory official cannot be held liable for the conduct of his or her subordinates based on a theory of *respondeat superior*, rather a complaint's allegations must indicate that the supervisory official was somehow *personally involved* in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Therefore, the Court should dismiss defendants Lieutenant Wiggins, Lieutenant Sevening, Sergeant Zaremba, and Officer Alanis from Plaintiff's Sixth Amended Complaint with prejudice.

Furthermore, Plaintiff alleges that the Cook County Department of Corrections employs the inmates to clean the restroom in the living unit and believes the restroom in his living unit had not been cleaned in days. (Dkt. 79 at ¶44-45.) Plaintiff has not made an allegation that defendants to Count I were responsible for cleaning the facilities or that they prevented the cleaning of the facilities. Plaintiff has merely pled that defendants to Count I failed to supervise the cleaning of the restroom. Plaintiff, therefore, is attempting to hold defendants to Count I liable for the actions of another in whom they supervise, not for their actual conduct. As such, Count I of Plaintiff's Sixth Amended Complaint should be dismissed with prejudice because, as pled, Plaintiff's conditions of confinement claim is not actionable under Section 1983.

Lastly, Plaintiff names Officer Perry, a non-medical staff member, in his Count II medical claim. Courts have well settled that non-medical personnel, such as Officer Perry, are not expected to second-guess the expertise of medical personnel. *See Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011); *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (police officers were not responsible for administering medical care and were entitled to defer to the judgment of health professionals); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (if prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands). *See also*, *Rice ex rel. Rice v. Corr. Med. Servs.* 675 F.3d 650, 676,

6

678-79 (7th Cir. 2012); *Estate of Perry v. Wenzel*, 872 F.3d 439, 458-59 (7th Cir. 2017). Based on the facts alleged, Plaintiff reported a fall to Officer Perry, a non-medical staff member, and Officer Perry appropriately referred Plaintiff to medical personnel, who determined there was no emergency. Far from neglecting his duties, Officer Perry performed his duties and deferred to the determination of trained medical personnel. Therefore, the Court should dismiss Officer Perry from Count II of Plaintiff's Sixth Amended Complaint with prejudice.

**2. The Court should dismiss Defendant Dart and Cook County because Plaintiff fails to claim an official policy or widespread custom that caused Plaintiff's injuries.**

"As a general rule, a county is not vicariously responsible for the alleged misdeeds of its employees." *Manney v. Monroe,* 151 F. Supp. 2d 976, 1000 (7th Cir. 2001) (internal quotations omitted). When suing a government entity or official in his official capacity, a plaintiff must plead "that a policy, custom, or practice of the government entity" caused a constitutional violation. *Id.*

Unconstitutional policies or customs generally take one or more of three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000). To state a *Monell* claim, "the plaintiff must allege that an official policy or custom not only caused the constitutional violation, but was the moving force behind it." *Shultz v. Dart*, 2013 U.S. Dist. LEXIS 156546 *11 (N.D. Ill. 2013) (*internal quotations omitted*).

Plaintiff's Sixth Amended Complaint, again, fails to allege facts that support a *Monell* claim because Plaintiff has failed to allege a widespread practice that caused his injury, and, indeed, fails to allege any other similar instances. Plaintiff alleges, "upon information and belief" that officers and sergeants: (1) of "Division 8, Deck 3F, knew of, allowed, encouraged, and/or

7

advised" detainees to dispose of their food waste and wash their dishes in the restroom and (2) selected detainees to "clean the restroom in the living unit facilities." Dkt. 121 at ¶30-32.

First, Plaintiff's alleged "policy" appears to be localized. *Monell* liability, however, must be based on a widespread practice, express policy, or a person with final policy making authority. *Brown v. Dart*, 2017 U.S. Dist. LEXIS 118545, at *11, 2017 WL 3219217 (N.D. Ill July 28, 2017). The Seventh Circuit has held that Cook County Sheriff cannot be held liable for "clearly localized" detainee claims of which he is unaware of. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996). Plaintiff attempts to allege that unidentified officers, sergeants, lieutenants of Plaintiff's *tier* encouraged detainees to clean their eating utensils in the shower facility which resulted in food and wastewater in the area. Dkt. 121 at ¶30-31. Detainees on one tier taking one particular action does not make an inference of a widespread practice or express policy. Plaintiff also pleads that he believes no one cleaned the restrooms in the days preceding his fall. Dkt. 121 at ¶33. Simply claiming, however, that he does not believe anyone cleaned the restroom does not suggest that the restroom cleaning policy is inadequate or what caused Plaintiff's injury.

Additionally, Plaintiff fails to allege any similar instance to suggest that a policy or widespread custom or practice of keeping the restroom dirty and refusing to provide medical care to detainees existed. One instance of a slip in the restroom, a place where there is typically water on the floor, is not sufficient to plead a policy, custom, or practice for a *Monell* claim. Although Plaintiff claims that the floor was greasy, as discussed below, Plaintiff also pleads that the alleged greasy condition was open and obvious because Plaintiff knew of, and was participating in, detainees rinsing utensils in the restroom facilities. Dkt. 121 at ¶39 ("Plaintiff walked into the restroom in question to *rinse out* and fill his cup.") (*emphasis added*). Plaintiff has not pled a policy that caused Plaintiff's alleged constitutional violation.

8

Furthermore, Plaintiff also claims that Defendant Dart and multiple supervisors "fostered an atmosphere" of staff neglecting their duties. *See* Dkt. 121 at ¶¶68, 70, 72, 74, 76. But, Plaintiff also states that Officer Perry, a non-medical employee, told Plaintiff to speak to medical staff when Plaintiff informed Officer Perry of his fall. Dkt. 121 at ¶44. The On-duty Nurse, Nurse Miller, spoke to Plaintiff and determined his claims did not require emergency care. *See* Dkt. 121 at ¶45. Even if taken as true that Nurse Miller did not examine Plaintiff, she informed him how to receive additional care. *Id.* When Plaintiff spoke with Head Nurse, Nurse Anderson, she told Plaintiff that he would have to wait to be seen by a physician but also did not determine that Plaintiff required emergency expedited care. *Id.* at ¶47. Nurse Imanlihen-Iyare saw Plaintiff the day after his fall, examined him, and prescribed treatment contrary to Plaintiff's alleged one week wait for treatment. *Id.* at ¶¶38, 50. At no point do these facts suggest a policy, widespread custom, or practice of staff neglecting their duties which led to Plaintiff's injury. Rather, Plaintiff has merely pled that he did not receive treatment at the exact moment he wanted treatment, which is not actionable. *Livergood v. Quality Corr. Care, LLC.*, 2019 U.S. Dist. LEXIS 195746, *4 (N.D. Ind. 2019) (stating that a plaintiff "cannot dictate how [constitutionally adequate] medical care is provided.").

Therefore, based on the facts alleged, far from neglecting their duties, the County Defendants performed their duties within a reasonable amount of time for Plaintiff's injuries. Although Plaintiff lists four believed policies, none of the facts alleged suggest that those policies caused a constitutional violation. Rather, Plaintiff pleads that *he* did not act reasonably upon entering the restroom and that County Defendants provided Plaintiff care. Thus, this Court should dismiss Sheriff Dart and Cook County from Plaintiff's Sixth Amended Complaint with prejudice.

**3. The Court should dismiss Count I of Plaintiff's Sixth Amended Complaint because Plaintiff has failed to allege condition of confinement that rise to a constitutional violation.**

According to the United States' Supreme Court, the conditions of confinement in a jail may

9

be unpleasant, even for a pretrial detainee, without violating the constitution. *Bell v. Wolfish,* 441 U.S. 520, 534-35 (1979). Inmates, including detainees, complaining of the conditions of confinement must allege that the conditions constitute a denial of the minimal civilized measure of life's necessities. *Wade v. Haida*, 2013 U.S. Dist. LEXIS 11992 at ** 17-18 (S.D. Ill. Jan. 29, 2013). The Fourteenth Amendment does not require perfect conditions. *See Wade v. Haida*, 2013 U.S. Dist. LEXIS 11992 at ** 17-18. *See also Harris v. Flemming*, 839 F.3d 1232, 1235 (7th Cir. 1988) (holding that "inmates cannot expect the amenities, conveniences, and services of a good hotel"). According to the Seventh Circuit, "leaky toilets and puddles are unpleasant but not unconstitutional." *Harris,* 839 F.2d at 1235. "Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014).

Plaintiff has, again, merely pled that a puddle was on the floor of the bathroom. (Dkt. 121 at ¶40.) Plaintiff believes that this alleged puddle is a condition that posed a serious health risk to Plaintiff and the other inmates. However, as the Seventh Circuit has held, a puddle is not an unconstitutional condition to support a conditions of confinement claim under Section 1983. *See Harris,* 839 F.2d at 1235. Therefore, the Court should dismiss Count I of Plaintiff's Sixth Amended Complaint with prejudice because a puddle is not actionable under Section 1983.

In attempt to overcome the failings of Plaintiff's Fifth Amended Complaint, Plaintiff now alleges that detainees would dispose of food and rinse utensils in the shower area of the restroom. Dkt. 121 at ¶30. In so pleading, Plaintiff has pled an open and obvious condition of which Plaintiff was aware and participated in. County Defendants to Court I cannot be liable for open and obvious conditions which do not pose a substantial risk to the detainees. *See e.g. Bruns v. City of Centralia*, 21 N.E. 684, 689 (Ill. 2014) ("a party who owns or controls land is not required to foresee and

protect against an injury if the potentially dangerous condition is 'open and obvious.'").

Additionally, like in previous complaints, Plaintiff again pleads that no one cleaned the "restroom in the days immediately prior to or on January 7, 2019." Dkt. 121 at ¶34. As this Court has stated, Plaintiff's facts "suggests that other detainees 'safely' used the restroom without slipping and falling on it." Dkt. 120, 10. Additionally, as pled, the restroom was dirty for several days and Plaintiff did not slip in the restroom during that time. Plaintiff has, again, failed to allege a condition that posed a substantial risk of harm to the detainees, including Plaintiff. As stated above, Plaintiff offers no other instance of falls or harms to himself or other detainees that the alleged condition caused. Accordingly, Count I of Plaintiff's Sixth Amended Complaint must be dismissed with prejudice because, as pled, Plaintiff fails to allege a constitutional violation.

**4. The Court should dismiss Count II of Plaintiff's Sixth Amended Complaint because, contrary to Plaintiff's allegations, Plaintiff received medical treatment.**

According to the Seventh Circuit, inmates, including detainees, cannot select the type of medical care they receive. *Livergood*, 2019 U.S. Dist. LEXIS 195746 at *4 (*citing Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (inmate not entitled to demand either specific care or the best care possible)). Courts must focus on the totality of the facts and circumstances faced by the individual defendant to "gauge objectively - without regard to any subjective belief held by the individual - whether the response was reasonable." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018). A *mens rea* greater than mere negligence is required. *Id*.

Count II of Plaintiff's Sixth Amended Complaint states that the defendants were "deliberately indifferent to Plaintiff's serious medical need by not providing him with medical attention while he was detained at the Cook County Jail." Dkt. 121 at ¶84. Though Plaintiff cites to the incorrect standard, Plaintiff has failed to allege that he was not provided objectively reasonable treatment but has pled that he received medical attention on multiple occasions.

11

According to Plaintiff, he was seen by medical personnel on at least five different occasions, three within 24 hours of his fall. First, he was seen by Nurse Miller when he approached her. *Id.* at ¶45. Though Plaintiff claims that Nurse Miller did not evaluate him, he states that she said, "You're okay." *Id.* Taken as true, Plaintiff pleads that, according to Nurse Miller, Plaintiff did not require immediate care because she instructed him to "submit a medical request." *Id.* Then, when Plaintiff spoke to Nurse Anderson, she did not see a need to refer him to immediate care but told him he would have to wait. *Id.* at ¶47. Next, Nurse Imanlihen-Iyare evaluated Plaintiff. She prescribed Plaintiff OTC pain medication after her evaluation. *Id.* at ¶50. Plaintiff was then seen by P.A. Chung who continued the treatment plan put in place by Nurse Imanlihen-Iyare after P.A. Chung examined and evaluated Plaintiff's reports of injuries and pain. *Id.* at ¶54. Finally, after receiving CT Scans and X-rays, by P.A. Kaczeowski examined and evaluated Plaintiff, he also continued the treatment plan already in place. *Id.* at ¶55. Plaintiff has not pled that the course of treatment was not followed or incorrect. Rather, Plaintiff has simply pled that he was not satisfied with the treatment he was given, which is not actionable.

Plaintiff believes that because he was not given more than OTC pain medication, such as a concussion evaluation, he was not treated or given proper medical attention. Plaintiff, however, was seen on multiple occasions, prescribed treatment, and received the CT Scans and X-Rays he asked for. *See* Dkt. 121 at ¶45, 47, 50 54, 55. Therefore, contrary to Plaintiff's allegations, Plaintiff received medical care and treatment, multiple times. Plaintiff simply did not receive the care he wanted, which is not actionable under Section 1983. *See Livergood*, 2019 U.S. Dist. LEXIS 195746 at *4. Thus, the Court should dismiss Count II of Plaintiff's Sixth Amended Complaint with prejudice because Plaintiff cannot choose the type of treatment medical personnel prescribed.

Moreover, even if neither Nurse Miller or Nurse Anderson conducted an examination of Plaintiff, the conduct of Nurse Miller and Nurse Anderson rises to negligence at most. Plaintiff saw a nurse who prescribed treatment within a day of his fall. Dkt. 121 at ¶50. In her evaluation, Nurse Imanlihen-Iyare did not find that Plaintiff required a higher level of medical attention. Negligence is insufficient to sustain a constitutional violation claim. *McCann*, 909 F.3d at 886. Accordingly, Plaintiff's allegations do not rise to a constitutional violation and Count II of Plaintiff's Sixth Amended Complaint must be dismissed with prejudice.

**5. The Court should dismiss Plaintiff's state law claims because those claims are barred under the Illinois Local Government and Government Employee Tort Immunity Act.**

Because the Court should dismiss Plaintiff's federal law claims for the reasons stated above, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims regardless of their merit. In the alternative, the Court should dismiss Plaintiff's state law claims because: (A) Plaintiff failed to bring his state law claims within one year and (B) claims of negligence against government employees and entities are barred by the Illinois Local Government and Government Employee Tort Immunity Act ("Tort Immunity Act"). 745 ILCS 10/1-101 *et seq.* The Tort Immunity Act protects "local public entities and public employees from liability arising from the operation of government." 745 ILCS 10/1-101(a). "'Public Employee' means an employee of a local public entity." 745 ILCS 10/1-207; 745 ILCS 10/1-202; *Moy v. County of Cook*, 159 Ill. 519, 530-32 (1994). County Defendants are public employees and entities within the Tort Immunity Act. As such, the Tort Immunity Act applies to Plaintiff's state law claims.

    **A. Plaintiff failed to bring his negligence claims within the one-year of the incident.**

Under the Tort Immunity Act, the applicable statute of limitations for Plaintiff's state law claims against a local entity or its employees is one year. 745 ILCS 10/8-101. Where a plaintiff claims allege only that a defendant was acting under color of law and as an employee or agent of

13

a municipality when the alleged misconduct occurred, the one-year statute of limitations from the Tort Immunity Act applies. *Wright v. Vill. Of Calumet Park*, Case No. 09-cv-3455, 2009 U.S. Dist. LEXIS 112754 at *8-9, 2009 WL 4545191, at *3 (N.D. Ill. Dec. 2, 2009). "[T]o comply with the statute of limitations, it is not enough that the claim be alleged within the prescribed period; rather, the claim must be alleged within the timeframe *against the defendant*." *Thomas v. Dart*, 2020 U.S. Dist. LEXIS 242703, at *10, 2020 WL 7698370 (N.D. Ill. December 28, 2020) (*citing Athmer v. C.E.I. Equip. Co.*, 121 F.3d 294, 295 (7th Cir. 1997) (*emphasis in original*). Plaintiff named the individual defendants Officer Perry, Officer Alanis, Sergeant Berry, Sergeant Zaremba, Lieutenant Wiggins, Lieutenant Sevening, Nurse Miller, Nurse Anderson, Nurse Imanlihen-Iyare, P.A. Chung, and P.A. Kaczrowski ("Individual Defendants") to the negligence claim for the first time in March 2020. Dkt. 51. According to Plaintiff's complaints, Plaintiff's injury occurred in January and all alleged conduct of the Individual Defendants ended in February 2019. Under the Tort Immunity Act, Plaintiff was required to name Individual Defendants by one year after the claim against him or her arose. Plaintiff failed to do so. Therefore, Plaintiff's state law claims against Individual Defendants should be dismissed with prejudice.

  **B. The Tort Immunity Act bars Plaintiff's negligence claims against Sheriff Dart and Cook County.**

Under the Tort Immunity Act, liability cannot be based on mere negligence; Plaintiff must allege willful and wanton conduct. *See* 745 ILCS 10/2-202. Section 2-202 of the Tort Immunity Act bars Plaintiff's state law "Negligence" claims in Count III and IV because, at a minimum, it requires the heightened pleading of "willful and wanton conduct." 745 ILCS 10/2-202. Willful and wanton conduct is described as "a course of action which shows an actual or deliberate intention to cause harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." *Sparks v. Starks*, 367 Ill. App. 3d 834, 838 (Ill. App. Ct.

2006) (*citing* 745 I.L.C.S. 10/1-210). Here, Plaintiff failed to plead that any conduct County Defendants rises to the level of willful and wanton. Plaintiff states County Defendants were negligent in their care of the facilities and Plaintiff, but the Tort Immunity Act clearly protects County Defendants from acts of negligence when acting in the course of their duties. As discussed above, Plaintiff has not pled a course of conduct that rises to willful and wanton. Therefore, the Court should dismiss Counts III and IV of Plaintiff's Sixth Amended Complaint with prejudice.

Moreover, under the Tort Immunity Act, "neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody." 745 ILCS 10/4-105. Plaintiff cannot hold defendants Cook County, Officer Perry, P.A. Chung, P.A. Kaczrowski, Nurse Anderson, Nurse Imanlihen-Iyare, or Nurse Miller liable for the alleged inadequate medical care while in custody. *See* 745 ILCS 10/4-105. Plaintiff does not plead that medical personnel or officers knew, from their observations of Plaintiff, that Plaintiff was in need of immediate medical care. Rather, Plaintiff pleads that the medical personnel who saw Plaintiff on multiple occasions determined he was not in immediate danger requiring immediate care. *See* Dkt. 121 at ¶45, 47, 50 54, 55. Without more, Plaintiff failed to allege that Cook County, Officer Perry, P.A. Chung, P.A. Kaczrowski, Nurse Anderson, Nurse Imanlihen-Iyare, or Nurse Miller acted willfully and wantonly in his medical care and treatment. Instead, Plaintiff pled that medical personnel examined Plaintiff multiple times and prescribed treatment within a day of his fall, and then continued to examine and evaluate Plaintiff's condition. *Id.* Therefore, Plaintiff cannot proceed on his Count IV negligence claim. Thus, the Court should dismiss Count IV of Plaintiff's Sixth Amended Complaint with prejudice.

Accordingly, the Court should dismiss Counts III and IV of Plaintiff's Sixth Amended Complaint with prejudice because the Tort Immunity Act bars Plaintiff's claims.

## CONCLUSION

WHEREFORE County Defendants respectfully request that Plaintiff's Sixth Amended Complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted because: (1) Plaintiff failed to allege personal involvement of multiple County Defendants; (2) Plaintiff failed to allege a *Monell* claim against Sheriff Dart and Cook County; (3) Plaintiff failed to allege that a condition of confinement infringed on his constitutional rights; and (4) Plaintiff alleged that he received medical treatment multiple times and cannot demand a specific course of treatment while detained.  Furthermore, because Plaintiff's federal claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claims regardless of their merit. Alternatively, Plaintiff's state law claims are barred under the Illinois Local Government and Government Employee Tort Immunity Act and, therefore, have no merit.  Thus, County Defendants respectfully request that this Court dismiss Plaintiff's Sixth Amended Complaint with prejudice.  Moreover, County Defendants request that the Court stay any responsive pleadings in this matter until the Court rules on this motion.

        Respectfully submitted,

        KIMBERLY FOXX
        State's Attorney of Cook County

By:    */s/ Rachael D. Wilson*
        Rachael Wilson
        Assistant State's Attorney
        Cook County State's Attorney's Office
        500 Richard J. Daley Center
        Chicago, Illinois 60601
        Rachael.wilson@cookcountyil.gov
        (312) 603-2721

## **CERTIFICATE OF SERVICE**

      I, Rachael D. Wilson, hereby certify that, in accordance with Fed. R. Civ. P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), **County Defendants' Motion to Dismiss Plaintiff's Sixth Amended Complaint** was served pursuant to the District Court's ECF system on April 20, 2021.

      */s/ Rachael D. Wilson*
      Rachael D. Wilson